# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

TAKOMA REGIONAL HOSPITAL, INC. )
F/K/A TAKOMA HOSPITAL, INC., )
AMISUB (SFH), INC., BAPTIST )
WOMENS HEALTH CENTER, LLC, )
CAMPBELL COUNTY HMA, LLC, )
CLARKSVILLE HEALTH SYSTEM, G.P., )
CLEVELAND TENNESSEE HOSPITAL ) CIVIL ACTION NO. 2:19-cv-157
COMPANY, LLC, COCKE COUNTY ) (Removal from: Circuit Court for
HMA, LLC, DICKENSON COMMUNITY ) Greene County at Greeneville, State of
HOSPITAL, HAWKINS COUNTY ) Tennessee)
MEMORIAL HOSPITAL F/K/A )
HAWKINS COUNTY MEMORIAL )
HOSPITAL, JEFFERSON COUNTY HMA, )
LLC, JOHNSTON MEMORIAL )
HOSPITAL, INC., LEBANON HMA, LLC )
F/K/A LEBANON HMA, INC., )
LEXINGTON HOSPITAL )
CORPORATION, METRO KNOXVILLE )
HMA, LLC, MOUNTAIN STATES )
HEALTH ALLIANCE F/K/A JOHNSON )
CITY MEDICAL CENTER HOSPITAL, )
INC., NORTHEAST TENNESSEE )
COMMUNITY HEALTH CENTERS, INC., )
NORTON COMMUNITY HOSPITAL, )
SAINT FRANCIS HOSPITAL – )
BARTLETT, INC. F/K/A TENET )
HEALTH SYSTEM BARTLETT, INC., )
SHELBYVILLE HOSPITAL COMPANY )
LLC F/K/A SHELBYVILLE HOSPITAL )
CORPORATION, SMYTH COUNTY )
COMMUNITY HOSPITAL, )
TULLAHOMA HMA, LLC F/K/A )
TULLAHOMA HMA, INC., and )
WELLMONT HEALTH SYSTEM F/K/A )
BRMC/HVHMC, INC., )
 )
    Plaintiffs, )
  v. )
 )
PURDUE PHARMA L.P.; PURDUE )
PHARMA, INC.; THE PURDUE )
FREDERICK COMPANY; RICHARD )
SACKLER; BEVERLY SACKLER; )

1

DAVID SACKLER; ILENE SACKLER )
LEFCOURT; JOHNATHAN SACKLER; )
KATHE SACKLER; MORTIMER D.A. )
SACKLER; THERESA SACKLER; JOHN )
STEWART; MARK TIMNEY; CRAIG )
LANDAU; RUSSELL GASDIA; ANDREW )
T. STOKES; AMNEAL )
PHARMACEUTICALS, LLC; AMNEAL )
PHARMACEUTICALS, INC.; TEVA )
PHARMACEUTICAL INDUSTRIES, )
LTD.; TEVA PHARMACEUTICALS USA, )
INC.; CEPHALON, INC.; JOHNSON & )
JOHNSON; JANSSEN )
PHARMACEUTICALS, INC.; JANSSEN )
PHARMACEUTICA, INC. N/K/A )
JANSSEN PHARMACEUTICALS, INC.; )
ABBOTT LABORATORIES; ABBOTT )
LABORATORIES, INC.; ASSERTIO )
THERAPEUTICS, INC.; ENDO HEALTH )
SOLUTIONS, INC.; ENDO )
PHARMACEUTICALS, INC.; )
MALLINCKRODT, LLC; )
MALLINCKRODT PLC; SPECGX, LLC; )
ALLERGAN PLC; WATSON )
LABORATORIES, INC.; ACTAVIS LLC; )
ACTAVIS PHARMA, INC.; ANDA, INC.; )
H.D. SMITH, LLC F/K/A H.D. SMITH )
WHOLESALE DRUG CO.; HENRY )
SCHEIN, INC.; AMERISOURCEBERGEN )
DRUG CORPORATION; MIAMI-LUKEN, )
INC.; CARDINAL HEALTH, INC.; RITE )
AID OF MARYLAND, INC.; THE )
KROGER CO.; KROGER LIMITED )
PARTNERSHIP II; CVS HEALTH )
CORPORATION; CVS PHARMACY, )
INC.; CVS INDIANA, L.L.C.; WAL- )
MART INC.; WAL-MART STORES )
EAST, LP; NORAMCO, INC.; )
WALGREENS BOOTS ALLIANCE, INC.; )
P & S PHARMACY; LOWELL B. )
GRIZZLE; HENRY BABENCO; SHARON )
NAYLOR; ALICIA NAYLOR; and )
GREGORY MADRON; )
 )
 )
　　　　　Defendants. )

2

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, Defendant Cardinal Health, Inc. ("Cardinal Health") has removed the above-captioned action from the Circuit Court for Greene County at Greeneville, State of Tennessee to the United States District Court for the Eastern District of Tennessee. As grounds for removal, Cardinal Health states:

## I. <u>NATURE OF REMOVED ACTION</u>

1. On or about July 12, 2019, Takoma Regional Hospital, Inc. f/k/a Takoma Hospital, Inc.; Amisub (SFH), Inc.; Baptist Womens Health Center, LLC; Campbell County HMA, LLC; Clarksville Health System, G.P.; Cleveland Tennessee Hospital Company, LLC; Cocke County HMA, LLC; Dickenson Community Hospital; Hawkins County Memorial Hospital f/k/a Hawkins County Memorial Hospital; Jefferson County HMA, LLC; Johnston Memorial Hospital, Inc.; Lebanon HMA, LLC f/k/a Lebanon HMA, Inc.; Lexington Hospital Corporation; Metro Knoxville HMA, LLC; Mountain States Health Alliance f/k/a Johnson City Medical Center Hospital, Inc.; Northeast Tennessee Community Health Centers, Inc.; Norton Community Hospital; Saint Francis Hospital – Bartlett, Inc. f/k/a Tenet Health System Bartlett, Inc.; Shelbyville Hospital Company LLC f/k/a Shelbyville Hospital Corporation; Smyth County Community Hospital; Tullahoma HMA, LLC f/k/a Tullahoma HMA, Inc.; and Wellmont Health System f/k/a BRMC/HVHMC, Inc. (collectively "Plaintiffs") filed *Takoma Regional Hospital, Inc. f/k/a Takoma Hospital, Inc., et al. v. Purdue Pharma L.P., et al.*, in the Circuit Court for Greene County at Greeneville, State of Tennessee. The court assigned the case Docket No. CC19CV295BB.

2. The Complaint asserts claims against four groups of Defendants.

3. The first group of defendants consists of Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Richard Sackler; Beverly Sackler; David Sackler; Ilene Sackler Lefcourt; Johnathan Sackler; Kathe Sackler; Mortimer D.A. Sackler; Theresa Sackler; John Stewart; Mark Timney; Craig Landau; Russell Gasdia; Andrew T. Stokes; Amneal Pharmaceuticals LLC; Amneal Pharmaceuticals, Inc.; Teva Pharmaceutical Industries Ltd. (incorrectly named as "Teva Pharmaceutical Industries, Ltd." In the Complaint); Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Abbott Laboratories; Abbott Laboratories Inc.; Assertio Therapeutics, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Mallinckrodt, LLC; Mallinckrodt plc; SpecGx, LLC; Allergan plc; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc.; and Noramco, Inc. (referenced in the Complaint collectively as the "Marketing Defendants," hereinafter referred to as "Manufacturer Defendants"). Compl. ¶¶ 109-80.

4. The second group of defendants consists of Anda, Inc.; H.D. Smith, LLC f/k/a H.D. Smith Wholesale Drug Co.; Henry Schein, Inc.; AmerisourceBergen Drug Corporation; Miami-Luken, Inc.; and Cardinal Health, Inc. (collectively, "Distributor Defendants"). *Id*. ¶¶ 181-94.

5. The third group of defendants consists of P & S Pharmacy; Lowell B. Grizzle; Henry Babenco; Sharon Naylor; Alicia Naylor; and Gregory Madron (referenced in the Complaint collectively as the "'Pill Mill' Defendants," hereinafter referred to as "Individual Defendants"). *Id*. ¶¶ 195-208.

6.      The fourth and final group of defendants consists of Rite Aid of Maryland, Inc.; The Kroger Co.; Kroger Limited Partnership II; CVS Health Corporation; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; Walmart Inc.;[1] Wal-Mart Stores East, LP; and Walgreens Boots Alliance, Inc. (referenced in the Complaint collectively as the "National Retail Pharmacies," hereinafter referred to as "Retail Pharmacy Defendants"). *Id.* ¶¶ 209-23.

7.      With respect to the Distributor Defendants, Plaintiffs complain of over-distribution of prescription opioids into Tennessee and Southwest Virginia and allege that the Distributor Defendants' failure to "detect and warn of diversion of" prescription opioids was a "substantial cause for the volume of prescription opioids plaguing Plaintiffs' communities." *Id.* ¶ 181.

8.      The Complaint asserts six counts against Distributor Defendants: violation of Tennessee's Consumer Protection Act (Count I); negligence (Count II); nuisance (Count III); unjust enrichment (Count IV); fraud and deceit (Count V); and civil conspiracy (Count VI). *Id.* ¶¶ 959-1096, Prayer for Relief.

9.      Although Plaintiffs purport to disavow stating a federal question, *id.* ¶ 82, Plaintiffs plead, among other things, that Distributor Defendants were required to "report 'suspicious orders' [of controlled substances] which the Distributor Defendants knew were likely to be diverted, to the relevant governmental authorities," *id.* ¶ 741, and that Distributor Defendants "breached their duty to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates," *id.* ¶ 743.

---

[1] Incorrectly named as Wal-Mart Inc. As of February 1, 2018, Wal-Mart Stores, Inc. became known as Walmart Inc., not Wal-Mart Inc.

10. Because the duties governing reporting and shipping "suspicious" opioid orders arise from the federal Controlled Substances Act ("CSA") and its implementing regulations, Plaintiffs plead that alleged violations of federal law form the basis for its claims.

11. Cardinal Health was served with the Complaint on August 5, 2019, and Cardinal Health's current deadline to respond to the Complaint is October 1, 2019.

12. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") formed a multidistrict litigation ("MDL") and transferred opioid-related actions to Judge Dan Polster in the Northern District of Ohio pursuant to 28 U.S.C. § 1407. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (Dec. 5, 2017), ECF No. 328. More than 2,000 opioid-related actions are pending in the MDL, including hundreds of actions originally filed within the Sixth Circuit.[2]

13. Cardinal Health intends to tag this case immediately for transfer to the MDL.

14. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Cardinal Health in the state court action will be filed with the Court. *See* Declaration of Zachary C. Howenstine (dated August 30, 2019) (hereinafter "Howenstine Decl.").

---

[2] *See, e.g.*, *Campbell County v. AmerisourceBergen Drug Corp.,* No. 3:18-CV-00006 (E.D. Tenn.) (transferred to MDL Jan. 29, 2018); *Greene County v. AmerisourceBergen Drug Corp.,* No. 2:18-CV-00002 (E.D. Tenn.) (transferred to MDL Jan. 31, 2018); *Hancock County v. AmerisourceBergen Drug Corp.,* No. 2:18-CV-00010 (E.D. Tenn.) (transferred to MDL Feb. 5, 2018); *Hawkins County v. AmerisourceBergen Drug Corp.,* No. 2:18-CV-00030 (E.D. Tenn.) (transferred to MDL Mar. 26, 2018); *Fox v. Purdue Pharma L.P.,* No. 1:18-CV-00194 (E.D. Tenn.) (transferred to MDL Sept. 6, 2018); *Johnson County v. AmerisourceBergen Drug Corp.,* No. 2:18-CV-00003 (E.D. Tenn.) (transferred to MDL Jan. 31, 2018); *Morgan County v. Purdue Pharma L.P.,* No. 3:19-CV-00036 (E.D. Tenn.) (transferred to MDL Feb. 14, 2019); *Scott County v. Purdue Pharma L.P.,* No. 3:18-CV-00083 (E.D. Tenn.) (transferred to MDL Mar. 21, 2018); *Washington County v. AmerisourceBergen Drug Corp.,* No. 2:18-CV-00205 (E.D. Tenn.) (transferred to MDL Dec. 11, 2018); *Claiborne County v. AmerisourceBergen Drug Corp.,* No. 3:19-CV-00231 (E.D. Tenn.) (transferred to MDL Jul. 18, 2019).

## II.  TIMELINESS OF REMOVAL

15.  Cardinal Health was served with the Complaint on August 5, 2019.

16.  In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed within 30 days of service of Plaintiffs' Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

17.  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

## III.  PROPRIETY OF VENUE

18.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Circuit Court for Greene County at Greeneville, State of Tennessee, where the state court action was pending prior to removal, is a state court within this federal district and division.

## IV.  BASIS OF REMOVAL

19.  Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' claims present a substantial federal question under the CSA, 21 U.S.C. §§ 801, *et seq.*[3]

---

[3]  A defendant need not overcome any artificial presumptions against removal or in favor of remand.  In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court unanimously held that the 1948 amendments to the general federal removal statute, 28 U.S.C. § 1441(a), trumped the Court's prior teachings in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and its antecedents, that federal jurisdictional statutes must be strictly construed against any recognition of federal subject matter jurisdiction, with every presumption indulged in favor of remand.  *Id.* at 697-98 ("[W]hatever apparent force this argument [of strict construction against removal] might have claimed when *Shamrock* was handed down has been qualified by later statutory development. . . . Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, *the burden is on a plaintiff to find an express exception*." (emphasis added)); *see also Exxon Mobil Corp. v Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (construing 1990 enactment of 28 U.S.C. § 1367, authorizing

7

20.     The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

21.     "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830, 839 (2002). The artful pleading doctrine, however, "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997); *see also Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014) ("[T]he artful pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented."). "In other words, a plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *BIW Deceived*, 132 F.3d at 831.

22.     Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (citation omitted); *see Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the

supplemental federal subject matter jurisdiction, and holding: "We must not give jurisdictional statutes a more expansive interpretation than their text warrants; but it is just as important not to adopt an artificial construction that is narrower than what the text provides . . . Ordinary principles of statutory construction apply." (citation omitted)).

More recently, a unanimous Supreme Court in *Mims v. Arrow Financial Services, LLC* held: "Divestment of district court jurisdiction should be found no more readily than divestment of state court jurisdiction, given the longstanding and explicit grant of federal question jurisdiction in 28 U.S.C. § 1331." 565 U.S. 368, 379 (2012) (brackets and citations omitted).

plaintiff's cause of action."); *Mikulski v. Centerior Energy Corp*, 501 F.3d 555, 565 (6th Cir.

2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually

arise under federal law, even though Congress has not created a private right of action, if the

vindication of a right under state law depends on the validity, construction, or effect of federal

law.").

23.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is:

(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in

federal court without disrupting the federal-state balance approved by Congress."  *Gunn v.*

*Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

545 U.S. 308, 315 (2005).  "Where all four of these requirements are met . . . jurisdiction is

proper because there is a 'serious federal interest in claiming the advantages thought to be

inherent in a federal forum,' which can be vindicated without disrupting Congress's intended

division of labor between state and federal courts."  *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545

U.S. at 314).

24.     As set forth below, this case meets all four requirements.[4]

25.     Although Plaintiffs ostensibly plead some of their theories of recovery against

Distributor Defendants as state law claims, they base the underlying theory of liability on

Cardinal Health's alleged violations of federal law or alleged duties arising out of federal law,

specifically the CSA, *i.e.*, that a portion of its otherwise lawful shipments of prescription opioids

were unlawful because they were shipped in fulfillment of suspicious orders that Cardinal Health

allegedly had a duty to identify, report, and then not ship.

_____

[4] The substantiality inquiry as it pertains to federal question jurisdiction is distinct from the
merits of the case and has no bearing on the strength of Plaintiffs' underlying claims.  *See Gunn
v. Minton*, 568 U.S. 251, 260 (2013) ("The substantiality inquiry under *Grable* looks . . . to the
importance of the issue to the federal system as a whole.").

26.     The source of the asserted legal duty to monitor and report suspicious orders of controlled substances is the CSA, 21 U.S.C. §§ 801, *et seq.*, and its implementing regulations. *See* 21 C.F.R. § 1301.75(b) (duty to monitor and report suspicious orders of controlled substances). The Complaint makes this clear on its face. *See* Compl. ¶ 229 (referencing the CSA's schedule of drugs); *id.* ¶ 610 (discussing the requirement to "design and operate a system to disclose . . . suspicious orders of controlled substances" and maintain "effective controls against diversion" under 21 C.F.R. § 1301.74 and 21 U.S.C. § 823(a)(1)); *id.* ¶¶ 721-25, 729 (discussing DEA letters and briefings that establish a duty to report suspicious orders and prevent opioid diversion); *id.* ¶ 745 (discussing duties to inform authorities of suspicious orders, including the DEA); *id.* ¶ 968 (defining "registrants" who must monitor and report suspicious orders of controlled substances under 21 U.S.C.§ 823; 21 C.F.R. § 1300.02(b)); *id.* ¶ 986 (alleging that Defendants violated "both State law and Federal Controlled Substances Act" in failing to report suspicious orders of prescription opioids).

27.     The source of the asserted legal duty to suspend shipments of suspicious orders is 21 U.S.C. § 823(b) and (e), as interpreted by the Drug Enforcement Administration ("DEA") of the United States Department of Justice. Specifically, DEA interprets the public interest factors for registering distributors under the CSA, 21 U.S.C. § 823(b) and (e), to impose a responsibility on distributors to exercise due diligence to avoid filling suspicious orders that might be diverted to unlawful uses. *See Masters Pharm., Inc. v. DEA*, 861 F.3d 206, 212-13 (D.C. Cir. 2017) (citing *In re Southwood Pharm., Inc.,* Revocation of Registration, 72 Fed. Reg. 36,487, 36,501, 2007 WL 1886484 (DEA July 3, 2007), as source of DEA's "Shipping Requirement"). Again, Plaintiffs' Complaint makes this clear on its face. *See, e.g.,* Compl. ¶ 968 (citing 21 U.S.C. § 823).

10

28.     Plaintiffs' theories of liability against Cardinal Health and other Distributor Defendants, as pled in the Complaint, are predicated on allegations that Cardinal Health and Distributor Defendants breached alleged duties under the CSA to implement effective controls to detect and report "suspicious" pharmacy orders for prescription opioids and—crucial to Plaintiffs' claims—to refuse to ship such orders to Tennessee and Southwest Virginia pharmacies.

29.     Specifically, Plaintiffs plead that Cardinal Health and the other Distributor Defendants violated federal law with, among others, the following allegations:

a.      "The Distributor Defendants owe a duty under, *inter alia*, common law and statutory law, to monitor, detect, investigate, refuse to fill, and report suspicious orders of prescription opioids as well as those orders which the Distributor Defendants knew or should have known were likely to be diverted." Comp. ¶ 711.

b.      "Defendants are subject to various duties to report the quantity of Schedule II controlled substances in order to monitor such substances and prevent oversupply and diversion into the illicit market." *Id.* ¶ 714.

c.      "In addition to reporting all suspicious orders, distributors must also stop shipment on any order which is flagged as suspicious and only ship orders which were flagged as potentially suspicious if, after conducting due diligence, the distributor can determine that the order is not likely to be diverted into illegal channels." *Id.* ¶ 718.

d.    "The Distributor Defendants failed to report 'suspicious orders,' which the Distributor Defendants knew were likely to be diverted, to the relevant governmental authorities." *Id.* ¶ 741.

e.    "The Distributor Defendants breached their duty to 'design and operate a system to disclose to the registrant suspicious orders of controlled substances' and failed to inform the authorities, including the DEA, of suspicious orders when discovered in violation of their duties under state law." *Id.* ¶ 745.

30.    Plaintiffs do not identify Tennessee or Virginia authority to serve as the basis of their claims against the Distributor Defendants, though they purport to do so. *See* Compl. ¶¶ 610, 713, 734, 745. The authority Plaintiffs cite does not require wholesale pharmaceutical distributors to identify and report suspicious orders of controlled substances to state government officials or entities, nor does it require wholesale pharmaceutical distributors to "stop," "prevent," or "avoid filling" suspicious orders of controlled substances from registered pharmacies. Instead, the authority cited by Plaintiffs simply establishes certain storage and record-keeping requirements, *see* T.C.A. § 53-14-110, Va. Code Ann. § 54.1-3404(D); prohibits the dissemination of false advertisement, *see* Va. Code Ann. § 54.1-3457; establishes requirements for registration with state boards of pharmacy, *see* Va. Code Ann. § 54.1-3422 to 3425, Board Tenn. Comp. R. & Regs. 1140-09-.03(1); establishes criminal penalties for violations by individuals of the Tennessee Narcotic Drugs and Drug Control Act, *see* T.C.A. § 53-11-401, T.C.A. § 53-11-402; and regulates to whom manufacturers or wholesalers may distribute Schedule II drugs without written orders or electronic order "in compliance with federal laws and regulations," *see* Va. Code Ann. § 54.1-3415. Thus, the only conceivable basis

for the duties on which Plaintiffs' claims rest *(i.e.*, the duties to report and halt suspicious orders for prescription opioids) is the CSA and DEA regulations. Plaintiffs therefore have pleaded federal questions merely dressed up as state law claims.

31. Under the artful pleading doctrine, Plaintiffs may not escape federal jurisdiction merely by omitting citations to the federal statutes and regulations that serve as the exclusive bases for Plaintiffs' claims. *See Mikulski*, 501 F.3d at 560 ("[P]laintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.") (citations and quotation marks omitted). Where it appears that the plaintiffs may have carefully crafted the complaint to circumvent federal jurisdiction, this Court should "consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Id.* at 561; *see also Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

32. The federal question presented by Plaintiffs' claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

33. **First**, Plaintiffs' state law claims "necessarily raise" a federal question because "their asserted right to relief under state law requires resolution of a federal question." *R.I. Fishermen's All.*, 585 F.3d at 49; *see also PNC Bank, N.A. v. PPL Elec. Util. Corp.*, 189 F. App'x 101, 104 n.3 (3d Cir. 2006) (federal question necessarily raised where "the right to relief depends upon the construction or application of federal law." (citation omitted)); *see also North Carolina ex rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146 (4th Cir. 2017) ("Regardless of the allegations of a state law claim, 'where the vindication of a right

13

under state law necessarily turns on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." (alteration omitted)); *V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 916 (3d Cir. 1994) ("[A]n action under 28 U.S.C. § 1331(a) arises only if the complaint seeks a remedy expressly granted by federal law o*r if the action requires construction of a federal statute*, or at least a distinctive policy of a federal statute requires the application of federal legal principles" (emphasis added)).

34.    As pled, Plaintiffs' claims against Cardinal Health and the other Distributor Defendants require Plaintiffs to establish that Distributor Defendants breached duties arising solely under federal law, by failing to stop shipments of otherwise lawful orders of controlled substances into Tennessee and Southwest Virginia.

35.    For example, in pleading negligence, Plaintiffs allege that Distributor Defendants "had a duty to exercise reasonable care in . . . distributing . . . opioid drugs," and that Distributor Defendants breached this duty by "failing to report suspicious orders of opioid pain medications in Tennessee." Compl. ¶¶ 984, 986 (Count II). As noted, however, the alleged duty to prevent or halt shipments of suspicious orders arises solely under the federal CSA, and not under state law. "Thus, it is not logically possible for [Plaintiffs] to prevail on this cause of action without affirmatively answering the embedded question of whether federal law" required Distributor Defendants to report and halt shipments of suspicious orders for prescription opioids under the circumstances. *R.I. Fishermen's All.*, 585 F.3d at 49. "That is enough to make out a federal question." *Id.*

36.    While plaintiffs are masters of their complaints, and they "may avoid federal jurisdiction by *exclusive* reliance on state law," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, at

14

392 (1987) (emphasis added), Plaintiffs here allege violations of federal duties as the basis for their state-law claims.[5]  Although Plaintiffs refer in passing to "Tennessee and Virginia law" and claim they give rise to the same duties; *see* Compl. ¶¶ 181, 610-11, 713; Plaintiffs nowhere identify any specific provision of state law that creates a duty for wholesale distributors of controlled substances to report or refuse to fill suspicious orders for prescription opioids. Tellingly, Plaintiffs cite extensively to DEA letters and briefings that establish a duty to report suspicious orders and prevent opioid diversion, *id*. ¶¶ 721-725, but fail to cite any analogous state law provisions establishing that duty.

37.    In sum, the Complaint necessarily raises a federal issue—namely, whether Distributor Defendants violated the CSA—as well as questions regarding the scope of duties arising under the CSA.

38.    **Second**, this federal issue is "actually disputed" because the parties disagree as to the existence and scope of alleged duties arising under the CSA and whether Distributor Defendants violated their duties that, as Plaintiffs plead them, arise only under the CSA.  Indeed, this federal issue is the "central point of dispute."  *Gunn*, 568 U.S. at 259.

---

[5] Furthermore, it is not necessary for federal jurisdiction that Cardinal Health establish that all of Plaintiffs' counts against it raise a federal question.  Even if Plaintiffs could prove one or more of those counts without establishing a violation of federal law, this Court still has federal-question jurisdiction:  "Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'"  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

Because the Court has original jurisdiction over at least one count here, it has supplemental jurisdiction over Plaintiffs' remaining counts against Cardinal Health and the other Distributor Defendants, which are so related that they "form part of the same case or controversy."  28 U.S.C. § 1367(a); *see also Rhode Island Fishermen's All.* 585 F.3d at 48 ("[I]f the district court had original jurisdiction over any one of these causes of action, then it had supplemental jurisdiction over the rest.").

39.    **Third**, the federal issue presented by Plaintiffs' claims is "substantial." "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Among other things, the Court must assess whether the federal government has a "strong interest" in the federal issue at stake and whether allowing state courts to resolve the issue will "undermine the development of a uniform body of [federal] law." *Id*. at 260-62 (citation omitted); *see also Landers v. Morgan Asset Mgmt., Inc.*, No. 08-2260, 2009 WL 962689, *5 (W.D. Tenn. Mar. 31, 2009) ("Where a well-pleaded complaint does not seek relief under federal law, a court may find removal proper if the plaintiff's complaint raises a 'substantial' federal question."). As the Supreme Court explained in *Grable*, "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." 545 U.S. at 312.

40.    Plaintiffs' theories of Distributor Defendants' liability necessarily require that a court determine the existence and scope of Distributor Defendants' obligations under federal law because regulation of controlled substances is first and foremost federal regulation. Indeed, Congress designed the CSA with the intent of reducing illegal diversion of controlled substances, "while at the same time providing the legitimate drug industry with a *unified approach* to narcotic and dangerous drug control." H.R. Rep. No. 1444, 91st Cong. (2nd Sess. 1970), *as reprinted in* 1970 U.S.C.C.A.N. 4566, 4571-72.

41.    Plaintiffs' theories of Distributor Defendants' liability thus "involve aspects of the complex federal regulatory scheme applicable to" the national prescription medication supply chain, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005), and are "sufficiently

16

significant to the development of a uniform body of [controlled substances] regulation to satisfy the requirement of importance to the federal system as a whole," *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1024 (2d Cir. 2014). The CSA itself notes that "illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people" and that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic." 21 U.S.C. § 801. Furthermore, "minimizing uncertainty over" reporting obligations under the CSA "fully justifies resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317-18 (2d Cir. 2016); *see also PNC Bank, N.A.*, 189 F. App'x at 104 n.3 (state law claim "raises a substantial federal question-the interpretation of" federal statute "over which the District Court properly exercised removal jurisdiction"); *R.I. Fishermen's All.*, 585 F.3d at 51 ("[T]here is a substantial federal interest in ensuring that actions taken in pursuance of [federal regulatory programs] receive the uniformity of interpretation that a federal forum offers."). Thus, "[g]iven that . . . the plaintiffs' claims turn on the interpretation of the federal regulations governing" the distribution of controlled substances "and the importance of those regulations to the Congressional scheme, this case plainly falls within the narrow swath of cases described in *Grable*." *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174 n.5 (1st Cir. 2016).

42. Plaintiffs' attempt to enforce the CSA raises a substantial federal question even though the CSA does not provide for a private right of action. In 2005, in *Grable*, the Supreme Court held that lack of a federal cause of action does *not* foreclose federal-question jurisdiction. The Court stated that applying *Merrell Dow* too narrowly would both "overturn[ ] decades of

precedent," and "convert[ ] a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one." *Grable*, 545 U.S. at 317; *see also, e.g., Ranck v. Mt. Hood Cable Reg. Comm'n*, No. 3:16-cv-02409-AA, 2017 WL 1752954, at *4-*5 (D. Or. May 2, 2017) (state law claims based on violations of Cable Communications Policy Act raise substantial federal questions and satisfy *Grable* even though no private right of action exists under Act).

43.     Removal is particularly appropriate here because Plaintiffs' action is but one of more than a thousand similar actions nationwide pending in the MDL in the Northern District of Ohio.  The MDL judge, Judge Polster, is attempting to achieve a national solution to this nationwide problem.[6]

44.     **Fourth**, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258. Federal courts exclusively hear challenges to DEA authority to enforce the CSA against distributors, and litigating this case in a state court runs the risk of the state court applying federal requirements inconsistently with the manner in which the federal agency tasked with enforcing the CSA—the DEA—applies them.  Federal jurisdiction is therefore "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."  *PNC Bank, N.A.*, 189 F. App'x at 104 n.3.

45.     In summary, removal of this action is appropriate because Plaintiffs' "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and

---

[6] Less than two months after the MDL was created, Judge Polster convened the first day-long settlement conference on January 31, 2018.  Judge Polster required attendance by party representatives and their insurers and invited attendance by Attorneys General and representatives of the DEA and FDA.

state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also, e.g., PNC Bank, N.A.*, 189 F. App'x at 104 n.3 (state law claim based on violation of Internal Revenue Code "gives rise to federal-question jurisdiction" under *Grable*); *New York ex rel. Jacobson*, 824 F.3d at 315–18 (state law claims based on defendant's alleged violation of Internal Revenue Code satisfy *Grable*); *NASDAQ OMX Grp., Inc.*, 770 F.3d at 1031 (state law claims premised on violations of Exchange Act "necessarily raise disputed issues of federal law of significant interest to the federal system as a whole"); *Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012) ("Although plaintiffs could lose their conversion claim without the court reaching the federal question, it seems that they cannot win unless the court answers that question. Thus, plaintiffs' 'right to relief necessarily depends on resolution of a substantial question of federal law.'") (citation omitted); *Broder*, 418 F.3d at 196 (state law claims premised on cable provider's alleged violations of Communication Act's uniform rate requirement satisfy "*Grable* test for federal-question removal jurisdiction"); *Ranck*, No. 3:16-cv-02409-AA, 2017 WL 1752954, at *5 (state law claims based on violations of Cable Communications Policy Act satisfy *Grable*).

46.     To the extent that the Court determines that some, but not all, of Plaintiffs' claims state a substantial federal question, the Court can evaluate whether to retain the non-federal claims against the Manufacturer Defendants, Distributor Defendants, Retail Pharmacy Defendants, and Individual Defendants under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a).

## V.     OTHER REMOVAL ISSUES

47.     Under 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served must join or consent to removal.

48.     The following Defendants have been served in this action and consent to removal, as indicated by their counsel's signatures below:  Purdue Pharma L.P.; Purdue Pharma

19

Inc.; The Purdue Frederick Company; Richard Sackler; Beverly Sackler; David Sackler; Ilene Sackler Lefcourt; Johnathan Sackler; Kathe Sackler; Mortimer D.A. Sackler; Theresa Sackler; John Stewart; Craig Landau;[7] Russell Gasdia; Andrew T. Stokes; Amneal Pharmaceuticals LLC; Amneal Pharmaceuticals, Inc.;[8] Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Abbott Laboratories; Abbott Laboratories Inc.; Assertio Therapeutics, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Mallinckrodt, LLC; SpecGx, LLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc.; Anda, Inc.; H.D. Smith, LLC f/k/a H.D. Smith Wholesale Drug Co.; Henry Schein, Inc.; AmerisourceBergen Drug Corporation; Miami-Luken, Inc.; Rite Aid of Maryland, Inc.; The Kroger Co.; Kroger Limited Partnership II; CVS Health Corporation; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; Walmart Inc.; Wal-Mart Stores East, LP; Walgreens Boots Alliance, Inc.; P & S Pharmacy; Lowell B. Grizzle; and Henry Babenco.

49.    The following Defendants have not been properly served, and thus their consent to removal is not required: Mark Timney; Teva Pharmaceutical Industries Ltd.;[9] Allergan plc; Mallinckrodt plc; Noramco, Inc.; Sharon Naylor; Alicia Naylor; and Gregory Madron.

---

[7] By consenting to this removal, Craig Landau does not waive, and expressly reserves and preserves, all defenses, including those related to personal jurisdiction.

[8] By consenting to this removal, Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals LLC do not waive, and expressly reserve and preserve, all defenses, including those related to personal jurisdiction.

[9] Teva Pharmaceutical Industries Ltd. ("Teva Ltd") is a foreign company and it is not subject to personal jurisdiction in the United States. Teva Ltd. expressly reserves all defenses, including those related to personal jurisdiction and service of process.

Nevertheless, Defendants Allergan plc;[10] Mallinckrodt plc;[11] and Noramco, Inc. consent to removal as indicated by their counsel's signatures below.

50.     By filing this Notice of Removal, Cardinal Health and the consenting Defendants expressly reserve, and do not waive, any and all defenses that may be available to them, including those related to personal jurisdiction and service of process.  If any question arises as to propriety of removal to this Court, Cardinal Health requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

51.     Pursuant to 28 U.S.C. § 1446(d), Cardinal Health will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiffs.

52.     Cardinal Health reserves the right to amend or supplement this Notice.

**WHEREFORE**, Cardinal Health, Inc. removes this action, pending in the Circuit Court for Greene County at Greeneville, State of Tennessee, Docket No. CC19CV295BB, to this Court.

---

[10] Defendant Allergan plc f/k/a Actavis plc, an Irish corporation, disputes that it has been served but nevertheless consents to removal out of an abundance of caution and expressly reserves all rights and defenses including those related to personal jurisdiction and service of process.

[11] Defendant Mallinckrodt plc disputes that it has been served but nevertheless consents to removal out of an abundance of caution and expressly reserves all rights and defenses including those related to personal jurisdiction and service of process.

21

DATED: September 3, 2019

/s/ *Zachary C. Howenstine*

Zachary C. Howenstine*
Julie Fix Meyer*
Sarah E. Harmon*
Timothy Gearin**
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Tel: (314) 621-5070
Fax: (314) 621-5065
zhowenstine@armstrongteasdale.com
jmeyer@armstrongteasdale.com
sharmon@armstrongteasdale.com
tgearin@armstrongteasdale.com

*Counsel for Cardinal Health, Inc.*

*\*Application for pro hac vice admission filed with this pleading*

*\*Denotes counsel seeking pro hac vice admission*

**CONSENTS TO REMOVAL**

| DECHERT LLP | LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C. |
|---|---|
| By: */s/ Mark S. Cheffo*<br>  Mark S. Cheffo<br>  Johnathan Tam<br>  Rachel Rosenberg<br>  1095 Avenue of the Americas<br>  New York, NY 10036-6797<br>  Tel: (212) 698-3500<br>  Fax: (212) 698-3599<br>  Mark.Cheffo@dechert.com<br>  jonathan.tam@dechert.com<br>  Rachel.rosenberg@dechert.com<br><br>*Attorneys for Defendants Purdue Pharma LP, Purdue Pharma Inc., and The Purdue Frederick Company* | By: */s/ Robert F. Chapski*<br>  Robert F. Chapski, BPR No. 022043<br>  Whitney Henry Kimerling, BPR No. 029208<br>  424 Church Street, Suite 2500<br>  Nashville, TN 37219<br>  Phone: 615-259-1366<br>  Facsimile: 615-259-1389<br>  rchapski@lewisthomason.com<br>  wkimerling@lewisthomason.com<br><br>  Albert C. Harvey, BPR No. 007955<br>  40 S. Main Street, Suite 2900<br>  Memphis, TN 38103<br>  Phone: 901-525-8721<br>  Facsmile: 901-525-6722<br>  aharvey@lewisthomason.com<br><br>  Mark A. Castleberry, BPR No. 024353<br>  620 Market Street, Fifth Floor<br>  Knoxville, TN 37901<br>  Phone: 865-456-4646<br>  Facsmile: 865-523-6529<br>  mcastleberry@lewisthomason.com<br><br>*Attorneys for Defendants Beverly Sackler, Richard Sackler, David Sackler, Ilene Sackler Lefcourt, Jonathan Sackler, Kathe Sackler, Mortimer D.A. Sackler, and Theresa Sackler* |

| | |
|---|---|
| **MARINO, TORTORELLA & BOYLE, PC**<br><br>By: */s/ Kevin Marino*<br>　　Kevin Marino<br>　　437 Southern Blvd<br>　　Chatham, NJ 07928<br>　　P: 973-824-9300<br>　　F: 973-824-8425<br>　　kmarino@khmarino.com<br><br>　　*Attorneys for Defendants John Stewart* | **SPEARS & IMES LLP**<br><br>By: */s/ Linda Imes*<br>　　Linda Imes<br>　　Christopher W. Dysard<br>　　51 Madison Ave.<br>　　New York, NY 10010<br>　　P: 212-213-6996<br>　　F: 212-213-0849<br>　　limes@spearsimes.com<br>　　cdysard@spearsimes.com<br><br>　　*Attorneys for Defendant Craig Landau* |
| **SALVATORE PRESCOTT & PORTER PLLC**<br><br>By: */s/ Julie B. Porter*<br>　　Julie B. Porter, Esq.<br>　　1010 Davis Street<br>　　Evanston, IL 60201<br>　　T (312) 283-5711<br>　　F (312) 724-8353<br>　　porter@spplawyers.com<br><br>　　\*\**counsel representing defendant in Massachusetts matter*\*\*<br><br>　　*Attorneys for Defendant Russell Gasdia* | **HODGES, DOUGHTY & CARSON, PLLC**<br><br>By*: /s/ Joshua J. Bond*<br>　　Joshua J. Bond, BPR #020636<br>　　617 Main Street<br>　　P. O. Box 869<br>　　Knoxville, Tennessee 37901-0869<br>　　(865) 292-2307<br>　　jbond@hdclaw.com<br><br>　　*Attorneys for Defendant Andrew T. Stokes* |

| | |
|---|---|
| **COPELAND, STAIR, KINGMA & LOVELL, LLP**<br><br>By: */s/ Brian S. Spitler*<br>    Brian S. Spitler; BPR# 32649<br>    920 McCallie Avenue<br>    Chattanooga, TN 37403<br>    Phone: 423-777-4693<br>    Fax: 423-648-2283<br>    Email: bspitler@cskl.law<br><br>    *Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals, Inc.* | **ULMER & BERNE, LLP**<br><br>By: */s/ Paul J. Cosgrove*<br>    Paul J. Cosgrove*<br>    (OH Bar No. 0073160)<br>    600 Vine Street, Suite 2800<br>    Cincinnati, Ohio 45202<br>    Phone: 513-698-5034<br>    Fax: 513-698-5035<br>    Email: pcosgrove@ulmer.com<br><br>    *\*Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals, Inc.* |
| **ULMER & BERNE, LLP**<br><br>By: */s/ Sarah M. Benoit*<br>    Sarah M. Benoit*<br>    (OH Bar No. 008661)<br>    65 E. State Street, Suite 1100<br>    Columbus, Ohio 43215<br>    Phone: (614) 229-0017<br>    Fax: (614) 229-0017<br>    Email: sbenoit@ulmer.com<br><br>    *\*Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals, Inc.* | **MORGAN, LEWIS & BOCKIUS, LLP**<br><br>By: */s/ Megan R. Braden*<br>    Megan R. Braden*<br>    Steven A. Reed*<br>    Brian M. Ercole*<br>    Tinos Diamantatos*<br>    1701 Market Street<br>    Philadelphia, PA 19103<br>    p: 215-963-5603<br>    f: 215-963-5001<br>    megan.braden@morganlewis.com<br>    steven.reed@morganlewis.com<br>    brian.ercole@morganlewis.com<br>    tinos.diamantatos@morganlewis.com<br><br>    *\*Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants Teva Pharmaceuticals Industries LTD (not served but consenting); Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma Inc.* |

25

| | |
|---|---|
| **O'MELVENY & MYERS LLP**<br><br>By: */s/ Charles C. Lifland*<br>    Charles C. Lifland\*<br>    400 South Hope St.<br>    Los Angeles, CA 90071<br>    Main: (213) 430-6000<br>    Fax: (213) 430-6407<br>    clifland@omm.com<br><br>    *Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.* | **VENABLE LLP**<br><br>By: */s/ John A. McCauley*<br>    John A. McCauley\*<br>    James K. O'Connor\*<br>    750 E. Pratt St., Ste. 900<br>    Baltimore, MD 2102<br>    t: 410-244-7655<br>    Fax: 410-244-7742<br>    JMcCauley@Venable.com<br>    JKO'Connor@Venable.com<br><br>    *Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants Abbott Laboratories and Abbott Laboratories Inc.* |
| **BAKER BOTTS LLP**<br><br>By: */s/ Scott D. Powers*<br>    Scott D. Powers\*<br>    David Arlington\*<br>    98 San Jacinto Boulevard, Suite 1500<br>    Austin, TX 78701<br>    Telephone:  (512) 322-2500<br>    scott.powers@bakerbotts.com<br>    david.arlington@bakerbotts.com<br><br>    Kevin M. Sadler\*<br>    1001 Page Mill Rd., Bldg. One<br>    Suite 200<br>    Palo Alto, CA 94304<br>    Telephone:  (650) 739-7500<br>    kevin.sadler@bakerbotts.com<br><br>    *Denotes counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendant Assertio Therapeutics, Inc.* | **ARNOLD & PORTER KAYE SCHOLER LLP**<br><br>By: */s/ Ingo W. Sprie, Jr.*<br>    Ingo W. Sprie, Jr.<br>    250 West 55th Street<br>    New York, NY 10019<br>    (212) 836-800<br>    Ingo.sprie@arnoldporter.com<br><br>    *Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.* |

26

**ROPES & GRAY LLP**

By: */s/ Brien T. O'Connor*
  Brien T. O'Connor*
  Andrew J. O'Connor*
  800 Boylston Street
  Boston, MA 02199
  brien.o'connor@ropesgray.com
  andrew.o'connor@ropesgray.com

  *\* Denotes national counsel who will seek pro hac vice admission*

 *Attorneys for Defendants Mallinckrodt LLC, Mallinkcrodt plc (not served but consenting), and SpecGx LLC*

**KIRKLAND & ELLIS – CHICAGO**

By: */s/ Martin Roth*
  Martin Roth
  Timothy Knapp
  Zachary A. Ciullo
  300 North LaSalle St.
  Chicago, IL 60654.
  p: 312-862-2425
  f: 312-862-2200
  rothm@kirkland.com
  tknapp@kirkland.com
  zac.ciullo@kirkland.com

 *Attorneys for Defendant Allergan plc (not served but consenting)*

**FOLEY & LARDNER LLP**

By: */s/ James W. Matthews*
  James W. Matthews*
  Ana Maria Francisco*
  111 Huntington Avenue, Suite 2600
  Boston, MA 02199
  jmatthews@foley.com
  afrancisco@foley.com

 *\*Denotes national counsel who will seek pro hac vice admission*

 *Attorneys for Defendant Anda, Inc.*

**MILLER & MARTIN**

By: */s/ Kyle W. Eiselstein*
  Kyle W. Eiselstein
  Volunteer Building, Suite 1200
  832 Georgia Avenue
  Chattanooga, TN 37402
  p: 423-785-8352
  f: 423-321-1517
  Kyle.Eiselstein@millermartin.com

 *Attorneys for Defendants H.D. Smith LLC f/k/a Smith Wholesale Drug Co.*

**BARNES & THORNBURG, LLP**

By: */s/ William Padgett*
      William Padgett*
      William Hahn
      Oni Harton
      11 South Meridian Street
      Indianapolis, IN 46204
      p: 317-236-1313
      f: 317-231-7433
      william.padgett@btlaw.com
      william.hahn@btlaw.com
      oni.harton@btlaw.com

      *Denotes national counsel who will seek pro hac vice admission*

      *Attorneys for Defendants H.D. Smith LLC f/k/a Smith Wholesale Drug Co.*

**KIZER & BLACK ATTORNEYS, PLLC**

By: */s/ Cathy H. Morton*
      Cathy H. Morton, TN BPR #010240
      217 East Broadway
      Maryville, TN 37804
      p: 865-980-1602
      f: 865-980-6143
      cmorton@kizerblack.com

      *Attorneys for Defendants Henry Schein, Inc.*

**MILLER & MARTIN**

By: */s/ Roger W. Dickson*
      Roger W. Dickson (#001933)
      Kyle W. Eiselstein (#020727)
      Leah M. Gerbitz (#016698)
      Miller & Martin PLLC
      1200 Volunteer Building
      832 Georgia Ave.
      Chattanooga, TN 37402
      Tel: (423) 756-6600
      Fax: (423) 785-8480
      roger.dickson@millermartin.com
      leah.gerbitz@millermartin.com
      kyle.eiselstein@millermartin.com

      *Attorneys for Defendant AmerisourceBergen Drug Corporation*

**MCDONALD HOPKINS LLC**

By: */s/ Richard H. Blake*
      Richard H. Blake (0083374)
      600 Superior Avenue, East
      Suite 2100
      Cleveland, OH 44114
      216-348-5839 (Office)
      216-348-5474 (Facsimile)
      rblake@mcdonaldhopkins.com

      *Attorneys for Defendant Miami-Luken, Inc.*

| | |
|---|---|
| **GLANKLER BROWN, PLLC** | **MORGAN LEWIS & BOCKIUS LLP** |
| By: _/s/ *Larry H. Montgomery*_<br>    Larry H. Montgomery (#9579)<br>    Jeremy G. Alpert (#19277)<br>    6000 Poplar Ave., Suite 400<br>    Memphis, TN 38119<br>    (901) 576-1718 Telephone<br>    (901) 525-2389 Facsimile<br>    lmontgomery@glankler.com<br>    jalpert@glankler.com<br><br>    *Attorneys for Defendant Rite Aid of*<br>    *Maryland, Inc.* | By: */s/ Kelly A. Moore*<br>    Kelly A. Moore*<br>    101 Park Ave.<br>    New York, NY 10178-0060<br>    (212) 309-6612 Telephone<br>    (212) 309-6001 Facsimile<br>    kelly.moore@morganlewis.com<br><br>    *\* Denotes national counsel who will*<br>    *seek pro hac vice admission*<br><br>    *Attorneys for Defendant Rite Aid of*<br>    *Maryland, Inc.* |
| **MORGAN LEWIS & BOCKIUS LLP** | **MORGAN LEWIS & BOCKIUS LLP** |
| By: */s/ Coleen M. Meehan*<br>    Coleen M. Meehan*<br>    Elisa P. McEnroe*<br>    1701 Market St.<br>    Philadelphia, PA 19103-2921<br>    (215) 963-5892/5917 Telephone<br>    (215) 963-5001 Facsimile<br>    coleen.meehan@morganlewis.com<br>    elisa.mcenroe@morganlewis.com<br><br>    *\* Denotes national counsel who will seek*<br>    *pro hac vice admission*<br><br>    *Attorneys for Defendant Rite Aid of*<br>    *Maryland, Inc.* | By: */s/ William Peterson*<br>    William Peterson*<br>    1000 Louisiana St., Suite 4000<br>    Houston, TX 77002<br>    (713) 890-5188 Telephone<br>    (713) 890-5001 Facsimile<br>    william.peterson@morganlewis.com<br><br>    *\* Denotes national counsel who will*<br>    *seek pro hac vice admission*<br><br>    *Attorneys for Defendant Rite Aid of*<br>    *Maryland, Inc.* |

| | |
|---|---|
| **BOWLES, RICE, McDAVID, GRAFF & LOVE**<br><br>By: */s/ Ronda L. Harvey*<br>    Ronda L. Harvey (WVSB #6326)<br>    Fazal A. Shere (WVSB #5433)<br>    Unaiza Riaz Tyree (WVSB #13253)<br>    BOWLES RICE LLP<br>    600 Quarrier Street<br>    Charleston, WV 25301<br>    Telephone: (304) 347-1100<br>    Facsimile: (304) 343-2867<br>    Email: rharvey@bowlesrice.com<br>    Email: fshere@bowlesrice.com<br>    Email: utyree@bowlesrice.com<br><br>    *Attorneys for Defendants The Kroger Co. and Kroger Limited Partnership II* | **HOEPPNER LAW, PLLC**<br><br>By: */s/ Josh Hoeppner*<br>    Josh Hoeppner, B.P.R. #028908<br>    201 West Sullivan Street<br>    Kingsport, TN 37660<br>    Phone: (423) 247-6151<br>    Fax: (423) 815-1183<br>    Email: josh@hoeppnerlaw.com<br><br>    *Attorneys for Defendants The Kroger Co. and Kroger Limited Partnership II* |
| **BURCH, PORTER & JOHNSON, PLLC**<br><br>By: */s/ Taylor A. Cates*<br>    Taylor A. Cates (BPR #20006)<br>    130 North Court Avenue<br>    Memphis, Tennessee 38103<br>    Telephone: (901) 524-5000<br>    Facsimile: (901) 524-5024<br>    tacates@bpjlaw.com<br><br>    *Attorneys for CVS Health Corporation; CVS Pharmacy, Inc.; and CVS Indiana, L.L.C.* | **ZUCKERMAN SPAEDER LLP**<br><br>By: */s/ Connor B. O'Croinin*<br>    Connor B. O'Croinin\*<br>    100 East Pratt Street, Suite 2440<br>    Baltimore, MD 21202-1031<br>    P: 410-949-1160<br>    cocroinin@zuckerman.com<br><br>    *\* Denotes national counsel who will seek pro hac vice admission*<br><br>    *Attorneys for Defendants CVS Health Corporation; CVS Pharmacy Inc.; and CVS Indiana LLC* |

**JONES DAY**

By: /s/ Janelle Geddes

    Janelle Geddes
    51 Louisiana Avenue, N.W.
    Washington, DC 20001-2113
    T: 202.879.3939
    F: 202.626.1700
    jgeddes@jonesday.com

    Christopher Lovrien*
    Sarah G. Conway*
    555 S. Flower St., Fiftieth Floor
    Los Angeles, CA 90071-2452
    T: 213.489.3939
    F: 213.243.2539
    cjlovrien@jonesday.com
    sgconway@jonesday.com

    *Denotes national counsel who will seek
pro hac vice admission

    Attorneys for Defendants Walmart Inc. and
Wal-Mart Stores East, LP

---

**ALSTON & BIRD LLP**

By: /s/ Jenny A. Hergenrother

    Daniel G. Jarcho*
    D.C. Bar No. 391837
    950 F Street NW
    Washington, DC 20004
    Telephone: (202) 239-3254
    Facsimile: (202) 239-333
    E-mail: daniel.jarcho@alston.com

    Cari K. Dawson*
    Georgia Bar No. 213490
    Jenny A. Hergenrother*
    Georgia Bar No. 447183
    1201 West Peachtree Street NW
    Atlanta, GA 30309
    Tel.: (404) 881-7000
    Fax: (404) 881-7777
    E-mail: cari.dawson@alston.com
    E-mail: jenny.hergenrother@alston.com

    *Denotes national counsel who will seek
pro hac vice admission.

    Attorneys for Defendant Noramco, Inc.
(not served but consenting)

---

**KAY GRIFFIN, PLLC**

By: /s/ Matthew J. Evans

    Matthew J. Evans (BPR #017973)
    900 S. Gay Street, Suite 802
    Knoxville, Tennessee 37902
    865.314.8422
    matthew.evans@kaygriffin.com

    Attorneys for Walgreens Boots Alliance

---

**FOX ROTHSCHILD LLP**

By: /s/ John W. Reis

    John W. Reis, Esq.    #024818
    101 N. Tryon St., Suite 1300
    Charlotte NC 28246-0109
    Tel: (704) 384-2600
    Fax: (704) 384-2800
    jreis@foxrothschild.com

    Attorneys for Defendants P & S
Pharmacy and Lowell B. Grizzle

| | |
|---|---|
| By: _/s/ Henry Daniel Babenco, MD_<br>Henry Daniel Babenco, MD<br>Tel: 270-556-1630<br>dbabenco@comcast.net<br><br>_Defendant Henry Babenco (pro se)_ | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I electronically filed the foregoing document

via e-mail to the U.S. District Court, Eastern District of Tennessee, and served the same, via e-

mail and U.S. Mail, postage prepaid, upon counsel of record addressed as follows:

Gary E. Brewer, Esq.
BREWER & TERRY, P.C.
1702 W. Andrew Johnson Highway
Morristown, TN 37814
robin@brewerandterry.com

John W. ("Don") Barrett, Esq.
Sterling Starns, Esq.
David McMullan, Jr., Esq.
Richard Barrett, Esq.
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net

Warren Burns, Esq.
BURNS CHAREST, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
wburns@burnscharest.com

Korey A. Nelson, Esq.
Lydia A. Wright, Esq.
Rick Yelton, Esq.
BURNS CHAREST, LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
knelson@burnscharest.com
lwright@burnscharest.com
ryelton@burnscharest.com

Jonathan W. Cuneo, Esq.
Monica Miller, Esq.
Mark H. Dubester, Esq.
David L. Black, Esq.
Jennifer E. Kelly, Esq.
Evelyn Li, Esq.
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
jonc@cuneolaw.com
mmiller@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino, Esq.
TAYLOR MARTINO, P.C.
51 Joseph St.
Mobile, AL 36602
SteveMartino@taylormartino.com

Gerald M. Abdalla, Jr., Esq.
ABDALLA LAW, PLLC
602 Steed Road, Suite 200
Ridgeland, MI 39157
jerry@abdalla-law.com

Dated, this 3rd day of September, 2019

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine*
Julie Fix Meyer*
Sarah E. Harmon*
Timothy Gearin**
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Tel: (314) 621-5070
Fax: (314) 621-5065
zhowenstine@armstrongteasdale.com
jmeyer@armstrongteasdale.com
sharmon@armstrongteasdale.com
tgearin@armstrongteasdale.com

*Counsel for Cardinal Health, Inc.*

*\*Application for pro hac vice admission filed with this pleading*

*\*\*Denotes counsel seeking pro hac vice admission*