UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| TAKOMA REGIONAL HOSPITAL, INC., *et al.*, ) ) *Plaintiffs*, ) ) v. ) ) PURDUE PHARMA, L.P., *et al.*, ) ) *Defendants.* ) ) | Case No. 2:19-cv-157 Judge Mattice Magistrate Judge Steger |

# ORDER

Defendants Cardinal Health, Inc. and AmerisourceBergen Drug Corporation jointly move the Court to stay the instant case pending a final transfer order by the Judicial Panel on Multidistrict Litigation (the "Panel"). [Doc. 50]. This case, like so many others around the nation, alleges that various entities and individuals committed actionable wrongs related to the manufacture, marketing, and distribution of prescription opioids. Because the Panel has initiated multidistrict litigation ("MDL") concerning many of these cases—indeed, more than two thousand—before Judge Dan Polster of the Northern District of Ohio, this case may be transferred. The Court therefore **GRANTS** the Motion to Stay, [Doc. 50], pending a final ruling by the Panel.

## I. BACKGROUND

On December 5, 2017, the Panel formed MDL No. 2804 (the "MDL") in the Northern District of Ohio to facilitate resolution of hundreds of opioid-related cases then pending before federal courts. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 1375 (J.P.M.L. 2017). As of September 16, 2019, the Panel reports that 2,309 cases are

-1-

pending in the MDL.[1] So far as this Court can tell, no fewer than twelve cases transferred by the Panel originated in the Eastern District of Tennessee.

In this case, various healthcare providers contend that entities and individuals involved with the manufacture, marketing, and distribution of prescription opioids committed actionable wrongs. On July 12, 2019, they sued those individuals and entities in the Circuit Court for Greene County at Greeneville, State of Tennessee. [Doc. 1]. On September 3, 2019, Defendants removed to this Court, asserting federal question jurisdiction. [*Id.*]

Plaintiffs promptly moved to remand, [Doc. 17], arguing that there is no federal question in this case and that this Court therefore lacks subject-matter jurisdiction. Upon removal, Defendants notified the Panel of this the case and the Panel issued an order conditionally transferring it to the Northern District of Ohio. [Doc. 50-2]. On October 2, 2019, Plaintiffs moved the Panel to vacate the conditional transfer order, and they represent that briefing on the matter will conclude by October 31, 2019. [Doc. 92].

## II. ANALYSIS

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts "routinely ... stay pretrial proceedings during the pendency of a motion before the [Panel]" and "[i]ndeed, 'a majority of courts have concluded that it is often appropriate to stay ... while a motion to transfer and consolidate is pending with the MDL Panel because

---

[1] United States Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District (Sept. 16, 2019), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_by_District-September-16-2019.pdf.

of the judicial resources that are conserved.'" *Currey v. Davol*, No. 2:18-cv-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997)).

Staying this case, then, appears to be the default against which Plaintiffs operate. Plaintiffs, however, stridently maintain that there is no federal question (nor any other basis for federal jurisdiction) in this case, meaning that the Court cannot properly issue a stay. They also argue that judicial economy would not be conserved by allowing a case to enter the lengthy MDL process alongside cases in which there is federal jurisdiction.

But as Defendants point out, many courts—including courts addressing opioid-related cases—have stayed proceedings pending a ruling by the Panel, even where a motion to remand for lack of subject-matter jurisdiction was pending. [*See, e.g.*, Doc. 90-1 (*City of Jenks v. Purdue Pharma L.P.*, No. 19-cv-380 (N.D. Okla. Aug. 29, 2019)]. The Court agrees with the reasoning of those cases.

If the Panel declines to vacate its transfer order, the motion to remand in this case will ultimately be decided by Judge Polster. To the extent that other removing defendants have asserted similar or identical theories of federal question jurisdiction in opioid-related cases, Judge Polster will be able to issue a uniform ruling on the matter, minimizing the risk of inconsistency. If the Panel does vacate its transfer order—Defendants represent that the Panel may issue a decision as soon as early December—then this Court will address the motion to remand at that time, delaying Plaintiffs case by as little as two months. Although the Court does not mean to minimize the cost of waiting, it can hardly be said that months of delay in a case that would, in any event, probably take years to resolve is likely to yield serious prejudice. Moreover, to the extent that Plaintiffs may have to wait longer than two months for a remand ruling by Judge Polster, this is

-3-

simply the price of uniformity, which has long been—and for good reason—a central goal of the federal judiciary. Whatever drawbacks Plaintiffs assert that waiting may have, allowing the Panel to reach a decision guarantees that much at least.

### III. CONCLUSION

For the foregoing reasons, Defendants Motion to Stay, [Doc. 50], is hereby **GRANTED** and this matter is stayed. The Parties are instructed to apprise the Court of the Panel's final decision within ten (10) days thereof.

**SO ORDERED** this 4th day of October, 2019.

                                           */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE